Good morning. May it please the Court, my name is Gregory Karasik, Counsel for the Appellant. The fundamental error made by the District Court in this case was worse than the error that was made by the District Court in the ConocoPhillips case, which was decided by this Court in January. In the ConocoPhillips case, the District Court erred in its predominance analysis because its analysis was premised on the possibility that the plaintiff may not prevail on the merits of their case. Here, the District Court went one step beyond that. The District Court didn't rule that it was possible that the plaintiff would lose. The District Court took it upon itself to evaluate the persuasive value of the plaintiff's evidence and said, I don't think the plaintiff wins their case. I don't know if that's right. I thought what was before us was denial of class certification because individual fact issues would predominate. That was what the Court was supposed to decide. The problem is that the way the Court reached its conclusion about predominance is because it specifically – Well, if that's true, he says even if these propositions were true on the incentives, he says individual fact determinations would be required to determine that this occurred. He's not saying it's not true. Yes, he is, Your Honor. The Court is saying that the only reason he felt individual testimony from class members would be necessary is because he felt that in his view, the common evidence that was presented by the plaintiff did not suffice to prove that anybody worked off of class. We've got this in front of us at Excerpts, page 80. What are you looking at? I just – when I read it, I understood him to be talking about whether individual issues would predominate. And you're reading it to mean Nguyen has no case and I'm missing something. I'll try to find the exact language, Your Honor. At Excerpts of Record, Volume 1, pages 94, 95. Yep. Got it open. 94, 95. Go ahead. The district court said that the plaintiff's evidence does not prove that a single manager worked and was not paid for overtime hours. That is a determination of the probative value of the evidence. He went on to say, the propositions – Coyke, that was the plaintiff who brought the motion. Yeah, that's right. But that's – the context there was that the plaintiffs were saying the common question, the question common to the class, is incentive to work overtime off the clock. No, Your Honor. That was not the common question. The common question was whether there was a widespread practice of assistant store managers working off the clock. We presented a massive amount of circumstantial evidence that allowed a jury to conclude from that common evidence that assistant managers necessarily had to work off the clock and that Starbucks knew about it. We presented evidence that it took assistant managers approximately 55 hours a week to get all their tasks done and that due to the scheduling system So then this comes down – what are you saying? This comes down to the district court's determination and the fact that you had to prove it, you know, assistant manager by assistant manager, to whether or not that person worked off the clock. And you said, no, I can prove it circumstantially by an expert report. Is that the difference in the position of the parties? The – we presented evidence to the Court which we maintained could prove circumstantially that there was widespread practice that assistant managers worked off the clock. The district court said, I don't find that evidence convincing. He did not draw the inference that we suggest a reasonable jury could have drawn. He said, I don't think it means that they worked off the clock. He said, I think it only means that they had an incentive to work off the clock. That was not his call to make. The district court was to decide how this case was to be litigated. We had a discretionary judgment to make about whether to certify a class. It is an abuse of discretion standard, but a court abuses its discretion, like in the ConocoPhillips case, when the court looks into the merits of the case and evaluates the probative value or the sufficiency of the evidence. That is the jury's function. The district court's role in this case was to decide how was this case going to be litigated. Now, the district court may have thought the evidence wasn't enough, but a jury sure could have. The district court did not say that no reason to do so. That's not a different argument. I mean, the district court granted summary judgment. So your argument on that is that there are genuine issues of material fact. But if the district court correctly concluded that there were not genuine issues of material fact that precluded judgment, why isn't the district court entitled to do that? Well, there was two motions being heard. One plaintiff against whom a summary judgment motion was filed, the court granted it. We don't think the court granted that correctly, but that plaintiff did not appeal, so that issue is not beside the court. Then there was the other plaintiff's motion for class certification. This was not a summary judgment motion. And if it had been, the standard would have been, is there a question of fact? And the standard would have been, in that case, you have to draw all reasonable inferences in favor of the party opposing summary judgment. Wait a minute. I'm mixed up here. As I recall, there were two plaintiffs. One of them lost on summary judgment. Maybe that was right. Maybe that was wrong. But instead of appealing, he settled with Starbucks. They paid him money. He released him. Correct. Final settlement. Correct. So that's gone. That's dead. Correct. And there's no appeal of the grant of summary judgment against him. Correct. The other plaintiff settled his case prior to any adverse judgment being rendered against him. Starbucks paid him money. He gave them a release and whatever stipulation for dismissal they wanted. That case is settled. He's not appealing. Those are the only two people who said that they had worked overtime off the clock, and Starbucks presented 38 declarations of assistant managers who said they didn't and they had conflicting experts. And then Nguyen appealed and said the judge erred in denying class certification. And that's all we have on this appeal is whether he abused his discretion in denying class certification, not summary judgment. Is that right?  The issue, the standard of review is abuse of discretion. And the only question before us is, as I understand it, the denial of class certification, not the grant of summary judgment. Is that correct? Yes. And it's only on the predominance issue. Correct. Whether the individual issues or common issues predominate. That is the only issue that was litigated in terms of the class certification motion. And the district court concluded that individual issues predominated. But the only reason he reached that conclusion is because going a step beyond what the district court did in the ConocoPhillips case, the judge said the plainest evidence does not suffice, does not prove. Well, first of all, you have to concede that in order to make that decision, in other words, whether or not individual issues or common issues predominate, the district judge has to evaluate the evidence. Isn't that true? He has to evaluate the evidence, but he cannot make a decision about the merits or the probative value of the evidence. That's what the Supreme Court said in the Eisen case. That's what this Court has said on several occasions. Right. I agree with that. But the question is, you know, it's not a black and white, you know, it's not a bright line. I mean, it's, you know, it's kind of gray areas to how far you can go, you know, whether you're deciding the merits or whether you're only deciding the issue of predominance. Right? In some cases, it might be a gray area. But when the Supreme Court made it quite clear that he cannot decide whether to certify a class based on whether he thinks the plaintiffs are entitled to prevail or not, but he must decide the question of certification by considering whether the evidence shows that class issues predominate as opposed to individual issues. That's what he's supposed to decide. But what he said was the plaintiff's evidence, quote, would not prove that a single assistant manager had worked off the clock. That is a merits determination. It cannot be interpreted in any other way. There may be some cases that are gray. This is not one of them. But it's also a predominance determination. By that, he's saying each person has to prove individually that he worked off the clock. That's a predominance determination, isn't it? But it only results from a faulty premise that he's not supposed to make. And the first error that he made was even making the inquiry whether the plaintiff's evidence is enough. He's not supposed to decide whether the plaintiff's evidence is enough. He's supposed to look at how the case is to be litigated. No. You see, he has to decide whether the plaintiff's evidence is enough to show that common issues predominate. But that's not what he decided. Well, that's what he decided influentially here. He didn't say that nobody worked off the clock. He said the evidence of an incentive to work off the clock doesn't prove that anyone worked off the clock. That was his inference that he drew from the evidence. All right. Let me ask you a different question. Yes. What evidence did you tender, aside from the expert declarations, that a single manager worked and was not paid for overtime hours? We did not submit. Well, you weren't there. I mean, you came in later. I just heard him say you. No. Actually, I represented the original plaintiff and the appellant. But what I'm saying, you are. Yes. There was a massive amount of evidence that we produced. But the three critical pieces of evidence, none of which were discussed by the judge specifically in his decision, were the evidence from the expert reports in a parallel lawsuit against Starbucks that it took 55 hours a week for store managers to do their job and to pay for overtime.  I didn't have the evidence in my document showing that. Was it a parallel lawsuit? Yes. There was a lawsuit. Was it evidence in some different lawsuit, not this lawsuit? Correct? Yes. Did he say? Yes. There was a lawsuit. Why should he consider evidence that's in some other lawsuit, not this lawsuit? Because an inference can be drawn when you have evidence of managers in California that they had to work 55 hours a week, coupled with evidence that we show that the jobs of assistant managers. You're telling me that when I'm a district judge and I'm deciding on a motion, I have to go down the hall and ask the judges who are handling other cases involving the same litigants what the evidence shows in their cases? No, Your Honor. We presented evidence that's for the jury to evaluate. And the jury can say it's enough or not, or it's not enough. But we had evidence, and that was just one piece of evidence. Right. But my question was aside from the expert reports, I take it. Do you have any? Do you have a single? I think what the district court was saying, you don't have a single manager left who said, testified that he or she worked and was not paid for overtime. Is that true or not true? We purposely chose not to introduce declarations from individual class members. Okay. Because we knew if we had done that, there was no way this judge was going to grant classification. We purposely chose to prove the case purely through common evidence, through   get a class-by-class sentence. The district court, however, erred because he thought the evidence was not enough and therefore said, well, all that's left is the declarations that Starbucks produced, which were not from class members. They were from current employees and not even class members. There's a lot of – many more issues to discuss, but I'll reserve my time for a moment. Thank you, counsel. That was a very vigorous argument, I have to say. Good morning. May it please the Court. My name is Rex Heinke. Excuse me. I'm here on behalf of Starbucks with my colleague, Greg Knopp. I'd like to turn to something that opposing counsel said, and I think it's to the heart of the issue here about the district court's decision. Opposing counsel complains about the inferences drawn by the district court. He said that several times this morning. Those were for the district court to draw. The district court has to look at all the evidence, has to assess that evidence, and then make a determination based on the evidence presented whether or not the district court believes that common issues do or do not predominate. And he, of course, is entitled to draw inferences from that evidence. That's what he's supposed to be doing. And that's what he did here. He looked at the evidence and concluded, based on all the evidence, that common issues did not predominate, that individual issues predominated, and therefore denied class certification. I think what about Mr. Krasnick's, I'll say, sort of ultimate argument that, you know, the district court made a finding that, you know, the evidence does not prove that a single manager worked and did not or was not paid overtime, and that's a finding on the merits. Your Honor, I don't think he made a finding on the merits because I think you're And plaintiff cites that repeatedly, but he doesn't cite the sentence that follows immediately after that. That sentence needs to be read in context. And the sentence that follows immediately after that says that even if the propositions offered by the plaintiffs are true, and they created an inference that assistant managers would be inclined or incentivized to work off the clock, significant individual fact determinations would still be required to determine whether, in fact, this happened. And so if you just pull that sentence out of the whole opinion, I guess you can say what the plaintiff says. But if you read it in context, it's merely an acknowledgment that, in fact, common issues don't predominate. Similarly, if you then go on in the Court's opinion on excerpts of the record 98 starting on line 26, going over to 99, line 3, that's what he says. Since an individualized determination of how individual class members and their supervisors reacted to the conditions alleged by the plaintiff would be necessary if plaintiff is able to prove those allegations. The Court's unable to find the class proposed meets the predominance requirement. That's all the district judge said. He entered no order saying that the plaintiff didn't have a case. He did knock out one plaintiff on summary judgment, but that's not here because it wasn't appealed. But other than that, all he did was look at the evidence, which he was obliged to do, try and figure out whether there was predominance, drew from that evidence various inferences, and concluded, as he's supposed to, common questions did not  And that's all the district judge said. That's all the individual questions did. Well, Mr. Hanke, as you both agree, you know, our standard of review is abuse of discretion. Right. But I think at least one of the major points Mr. Karasik seems to be making is that if you draw these inferences that a substantial number of assistant managers worked overtime off the clock. Well, Your Honor, we argue below and argue here that we don't think you can draw that inference. But assuming that you can, it still doesn't prove that common questions predominate. The fact that it may prove some members of the class worked off the clock does not demonstrate that on a class-wide basis you can determine that all members of the class worked off the clock. And that's the question here. And in addition, Your Honor, it was for the district court. Well, not all, but, say, a predominant number, at least more of them. Well, Your Honor, I don't even think predominance does it. Let's say a plaintiff proved that 51 percent of the class could be shown on a class-wide basis to work off the clock. Unless you could turn that into some kind of subclass, I do not think that that allows you to certify a class action because you have 49 percent of the class where common issues don't predominate. You can't resolve that part of the class. Well, let's say you have 99 percent. Do you think the 1 percent defeats? Probably not, Your Honor. Counsel, I've got a problem. I don't know if anyone else has it. The excerpts of record were so voluminous that it was as though we had no excerpts of record, at least from my viewpoint. I couldn't physically handle them, let alone read them all. My vague recollection is that all the experts said is that the way Starbucks is put together, there's a lot of work to do for the assistant managers and an incentive for them to work off the clock. Was there more than that? No, Your Honor, and what the district court said was, yes, there could be incentives and, yes, maybe some people who are assistant managers worked off the clock, but that there were other ways for Starbucks to deal with that. One is, obviously, and Starbucks did this. I read that. I read that. What all did the experts say beyond that? I don't think they said anything beyond that, Your Honor. The fact of the matter is, even if you accept, yeah, my colleague reminds me, the only expert is our expert, Your Honor, and that expert, Mr. Ward, what he said and what he demonstrated The plaintiff didn't have an expert? I believe so, Your Honor. I think what Mr. Ward demonstrated was what the district court found, that in many instances, the people who are assistant managers got paid overtime, and in many, many instances, there was plenty of extra hours available for them that they could use to delegate work either to other assistant managers who weren't working 80 hours in the two-week pay periods or they could delegate it to people who were beneath them, the shift supervisors. So it was Ward, your expert, who said if it's time to go home, they can tell somebody else to sweep up the floor, and they're going home, and they have coffee pots. Yes. I don't think he quite used those words, but that's the thrust of it, Your Honor. They used fancier words, but that's what they were talking about, right? Right. He's an expert, Your Honor. So he used fancier words. Conceptually speaking, though, and not necessarily bound to the record of this case, but conceptually speaking, if the district court had said, look, I just don't believe the plaintiff, that would be an improper consideration in determining class certification. Wouldn't you agree? I guess, Your Honor, it depends on why. Why would that make any difference? I mean, it seems to me that when you're deciding class certification, and you may disagree with me on this, that it's not quite a summary judgment standard, but one ought to at least give the plaintiff some reasonable inferences, permissible inferences from the evidence. I don't think you think not. I think not, Your Honor. I do not think it's a summary judgment standard. No, I didn't say it was. I just said it was. I know, but the summary judgment standard is where you've got to give the inferences to the plaintiff on summary judgment. I don't believe that's true here. I think this is more akin to a preliminary injunction standard, where the district judge has to look at all the evidence and make some determinations about that evidence. Now, I don't think a district judge can just say, I don't believe the plaintiff, but I think a district judge can look at the testimony and evidence and say, I'm weighing it, because that's a large part of what the plaintiff says. Right. I guess I probably misspoke in my initial question. Not misspoke, but wasn't clear enough. I don't think that the district court is free to ignore the plaintiff's evidence or to reject it out of hand, but engage in some kind of weighing. You would agree with that? Absolutely, Your Honor. But I think that's just what happened here, and I think that's what the district court is supposed to do in making these decisions. But I don't think it's summary judgment, and I think while the plaintiff doesn't call their standard summary judgment, that's really what they're arguing for. They're saying if there's evidence on our side and there's evidence on the other side, if this was a summary judgment motion, we'd have a triable issue of fact. Therefore, you've got to certify the class. And I do not believe that's the standard. I don't know of any case that says that. The plaintiffs don't cite any case that says that. And I think it's really contrary to the role that we're asking the district judges to perform. They're supposed to make that weighing of the evidence. Can't just outright reject either party's evidence because they feel like it, but they can certainly weigh the evidence, and they can look at evidence and say, well, this is contradictory, or this doesn't logically make sense, and so on, and reject it. That's what the judge did here. He said, well, even if you accept what the plaintiffs say about all these reasons that maybe assistant managers would be inclined to work overtime, there are all these other things that they could have done in response, and considering all of that, I don't see how you can prove this on a class basis. As I understood the plaintiffs' evidence, but as I say, the excerpts are too voluminous, so I don't know if I understand the evidence at all, and I want you to educate me. As I understand it, it's excerpts from various depositions and declarations to the effect that assistant managers have a lot of work to do and have been told that it will be hard to do it in the 80 hours in two weeks, unless they're awfully good managers. And that's about it. Is that right? It boils down to what they call the pressures, which are really two things. They say Starbucks wants to keep its labor costs low. What employer doesn't want to keep their labor costs low? And they say Starbucks allegedly has, quote, unquote, heavy workloads. And from that, they say the district court had to, had to decide that they could prove this on a class basis. The other evidence on the other side was that you could tell somebody else to clean out the coffee pots, you're going home, and that you've got 38 affidavits from assistant managers saying they don't work overtime, and you've got a whole lot of assistant managers who put in for overtime and got paid overtime. That's it. And then the judge had to decide whether this is a case where class actions predominate, class common issues of fact predominate, or individual variations in fact prevent common issues of fact from predominating. That's it. Do I understand? You captured the essence of it, Your Honor, and we assert that under an abuses discretion. Is the extra work we're talking about stuff like cleaning out the coffee pots and sweeping the floors? Right. There are some things like deciding who's going to be in charge of the money and who's going to check and make sure that whoever's in charge of the money didn't take some of it and who's going to be in charge of acquiring supplies where a management person really probably has to do it. And there are other things that can be delegated, like cleaning out the coffee pots. It's more than that, Your Honor. The way Starbucks works, when you walk in a store, if you walk in a Starbucks, you won't be able to tell which person is the assistant store manager and which person is the barista because they rotate jobs. So they often perform exactly the same functions. Undoubtedly, there are some managerial functions that assistant managers perform, but even those are ones that the store manager can do. And the store manager is exempt from overtime. Assistant managers are not exempt from overtime. So some of the tasks can be delegated up. Some of the tasks can be delegated down to the shift supervisors or to the baristas. So there's no absolute imperative that an assistant manager has to work overtime. And that's the essence, I think, of what the district court found, based on all the evidence, that there were different ways to deal with it. And did the district judge make a finding of fact about whether assistant managers did or did not work unpaid overtime? No, he did not. He did wrong if he did. He did not decide that. He simply said, if you look at all these reasons the plaintiff said that they must work overtime, there are all these other reasons that they don't have to work overtime, and when I weigh all this evidence and consider all the evidence, I don't see how this can be proved on a common basis, on an abuse of discretion standard, without a showing that that's just completely wrong and crazy. I submit that the court needs to affirm that decision because that's what he's supposed to be doing. In essence, do we have two competing theories here? I mean, the plaintiff basically is saying, look, I purposefully did not put on any individual evidence because I wanted to show class evidence by business pressure. Are you really saying that that will never work in terms of, that could never work in terms of establishing class certification, business pressure evidence alone? I guess, Your Honor, it all depends on what that evidence is. It's certainly not our position that you could never prove common questions predominate based on evidence that shows pressure on people, but it depends on what that evidence is. So we're not arguing here for a rule that says, oh, no, you can never prove a class action on that basis. We're simply arguing that here, based on the evidence that was presented, the court should affirm. Different evidence on a different case, maybe the result is different. Maybe different with this district judge. But on this evidence, simply an inclination, an incentive for people to work overtime isn't a sufficient basis, given all the alternatives available, that Starbucks was paying overtime, that had a clear policy against off-the-clock work, and that there was evidence from our expert that there was plenty of additional time that people could work. Other assistant managers and shift supervisors doing the same tasks, there simply is no basis to change the district court's weighing of that evidence and its drawing of inferences. Thank you. Thank you. A few points I'd like to make. We are not advocating a summary judgment standard. We certainly don't agree that it's a preliminary injunction standard, because that standard is a likelihood of prevailing on the merits. That is directly contrary to the standard set by the Supreme Court in this Court and other cases as how you evaluate a motion for class certification. It's not about who is going to win or who is likely to win. It is how do you litigate the issues. And we presented purely common evidence. And I'd like to clarify, because it wasn't just business pressures. We had evidence that it took 55 hours a week for managers to do their jobs, not just the expert reports from the Pendlebury case, but a report from Starbucks and such. Were those things from the other case, were they submitted in this case? Yes, they were as evidence, Your Honor. They were surveys of California store managers that had been done in another case, and we submitted them as evidence in this case. They were. Yes. And we submitted a chart prepared by Starbucks as part of its organizing for growth project that itself showed 55 hours a week it takes to do the job. We also submitted an admission and an e-mail from a senior vice president of Starbucks who acknowledged that there was a shortfall of 15 hours a week between their automated labor scheduling system that they call ALS and operational reality. That alone, that admission from a senior vice president, there's a 15-hour difference between how many hours they think it takes to work and how many hours the operational reality is. That alone, that one piece of common evidence was enough for a jury to decide that common evidence is enough for plaintiffs to win the case. But that's not the question. It's not whether it's enough because that wasn't for the court to decide. The court was to decide how we were going to present our case. Now, the defense says the only way is through individualized analysis, but even their own expert didn't take that approach. They had an expert, Dr. Ward, who opined that there was a universal no need to work off the clock. That's a common evidence approach. You have one expert who looks at a variety of documents and draws a class-wide or universal conclusion. Now, obviously, the substance of his conclusion is on the merits opposed to the conclusion that we would like to draw, but the approach is a class-wide approach. Starbucks can defend this case with their own experts, and they can defend this case with a few individual plaintiffs if they want or individual class members, which they didn't do because they did not submit a single declaration from an actual class member. And even if they were deemed declarations from class members, it was a minuscule amount that the courts in many other cases have held do not suffice. Thank you, counsel. Thank you. Nguyen v. Starbucks is submitted.
judges: Kleinfeld, Tashima, Thomas